**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES EDWARD HALE, a/k/a
Christopher Edward Hale,

     Defendant-Appellant.

No. 00-5248
(D.C. No. 00-CR-55-C)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

On August 16, 2000, Charles Edward Hale, the defendant-appellant, pled

guilty to one count of possessing ammunition after a former felony conviction, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court sentenced Mr.

Hale on November 30, 2000, to 180 months in prison followed by five years of

supervised release, and Mr. Hale timely filed an appeal arguing that the district

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court erred as a matter of law in accepting his guilty plea because he was represented by ineffective counsel.

Pursuant to the Supreme Court's holding in <u>Anders v. California</u>, 386 U.S. 738 (1967), Mr. Hale's counsel, Michael Abel, filed a brief indicating that he had "thoroughly researched" Mr. Hale's ineffective assistance of counsel claim and found it without merit.[1]  Mr. Abel based this conclusion on precedent from this Court holding that ineffective assistance of counsel claims normally should be raised in collateral proceedings rather than on direct appeal.  Mr. Abel, in accordance with <u>Anders</u>, also filed a motion to withdraw as Mr. Hale's attorney of record.  386 U.S. at 744.  Mr. Hale received a copy of Mr. Abel's brief, and he responded by submitting a letter that requested the appointment of counsel but that did not discuss the merits of the <u>Anders</u> brief.

---

[1]<u>Anders</u> provides that:
> [I]f counsel finds [a defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.  A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court–not counsel–then proceeds, after a full examination of all the proceedings to decide whether the case is wholly frivolous.

386 U.S. at 744.

We have explained that ineffective assistance of counsel claims "brought on direct appeal are presumptively dismissible," United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "[O]nly in the very rare instance that a claim of ineffective assistance of counsel is fully developed in the record will we hear it for the first time on appeal." United States v. Boigegrain, 155 F.3d 1181, 1186 (10th Cir. 1998). The record in this case is not sufficiently developed to trigger this unusual exception.

Consequently, we **DISMISS** Mr. Hale's ineffective assistance of counsel appeal, though we note that this dismissal does not preclude Mr. Hale from raising this claim under 28 U.S.C. § 2255. We also **GRANT** Mr. Abel's motion to withdraw as counsel.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge